John W. Ahlen, Ph.D. President Arkansas Science Technology Authority 100 Main Street, Suite 450 Little Rock, Arkansas 72201
Dear Dr. Ahlen:
This is in response to your request for an opinion on whether "any prohibition exists that would hinder one state entity from paying royalties to another state entity". You explain that the Arkansas Science Technology Authority proposes to invest funds from its Technology Development Program for further development of intellectual property owned by the University of Arkansas for Medical Sciences (UAMS). You include with your request a copy of the Authority's program rules, which require recipients of grants under the program, such as UAMS, to enter into an agreement to pay the Authority royalties based upon the sales derived from the commercialization of the technology. As I am sure you know, that provision of the program rules likely was adopted due to the provisions of A.C.A. § 15-3-110(e)(3), which permits the Authority to require the payment of royalties as a condition of the award of technology development grants.
Certainly the legislation creating the Authority and setting forth its powers and related matters, codified at A.C.A. §§ 15-3-101 to -134 (Repl. 1994), contains ample statutory authorization for the Authority to enter into the contract at issue. As noted above, A.C.A. § 15-3-110(e)(3), expressly permits the Authority to require the payment of royalties in connection with technology development grants. Provisions of A.C.A. §15-3-108(c) authorize the Authority to "[m]ake contracts and execute all instruments necessary or convenient for carrying out its business" (subparagraph (4)), "[e]nter into agreements or other transactions with any . . . state . . . agency" (subparagraph (6)), and "[f]inance, conduct, or cooperate in the financing or conducting of scientific, technological, business, financial, or other investigations which are related or likely to lead to business and economic development, involving science and technology, by making and entering into contracts or other appropriate arrangements, including the provision of grants" (subparagraph (17)). Arkansas Code Annotated § 15-3-109(a)(6) empowers the Authority to develop "emerging product and process technologies which contribute to business and economic growth." Further, A.C.A. § 15-3-110(a) empowers the Authority to "make such rules and regulations as it may deem appropriate to enable it . . . to develop technology emerging from sources of innovation in this state, including, but not limited to, colleges and universities. . . ." Arkansas Code Annotated § 15-3-121(1)(G) contains further authority for royalty agreements. Finally, A.C.A. § 15-3-112(c), containing a limited exception to a general prohibition on certain transactions, clearly contemplates that a college or university may participate "in any program of the [A]uthority. . . ."
Because, in my opinion, the Authority has ample statutory power to enter into agreements providing for the payment to it of royalties, and actually to collect such royalties, it is my further view that only a provision of the Constitution of Arkansas could serve to negate that power. A review of the constitution confirms that it contains no provision tending to cast doubt on the ability of the Authority to contract for and receive royalties under its enabling legislation, whether the royalties are received from another state agency or instrumentality, or any other person.
The royalty arrangement must, of course, be permitted to both parties thereto in order to be valid. In each case involving royalties to be paid by a governmental body, the statutory law applicable to such body should be examined to determine that nothing therein prohibits the arrangement. A review of the Constitution of Arkansas confirms that it contains no provision suggesting that an agency or instrumentality of the state may not contract to pay, and actually pay, royalties to the Authority in the circumstances described in your request.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh